Elizabeth D. Tate AZ Bar No. 032659
Elizabeth D. Tate Attorney at Law
2953 N. 48th Street
Phoenix, AZ 85016
Telephone (602) 670-4653
Fax (480) 935-3746
Attorney for Plaintiff Aaron Jackson

# IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF ARIZONA

| Aaron Jackson, | ) Case No.: |
|---|---|
| Plaintiff, | ) **COMPLAINT** |
| vs. | ) **JURY TRIAL DEMANDED** |
| City of Phoenix, a municipal corporation, Officer John Doe 1, in his individual capacity, Officer John Doe 2, in his individual capacity, Officer John Doe 3, in his individual capacity, Maricopa County, Sheriff Paul Penzone, John and Jane Does 4 to 20, in their individual capacities. | |
| Defendants. | |

COMES NOW, Plaintiff Aaron Jackson, by and through his attorney of record, Elizabeth Tate, and hereby submits his Complaint against Defendants, and each of them, and alleges as follows:

/ / /

/ / /

/ / /

## NATURE OF THE ACTION

1.     This is an action brought by Plaintiff for compensatory, injunctive, and declaratory relief and damages against the City of Phoenix and its Officers John Doe 1, John Doe 2, John Doe 3, Maricopa County, John and Jane Does 4-20, Sheriff Paul Penzone. Plaintiff's Fourth Amendment and Fourteenth Amendment rights  under the U.S. Constitution were violated by these individual officers and Defendants, through 42 U.S.C. Section §1983 pursuant to an unconstitutional policy and ratification by policymakers.  The City of Phoenix and Maricopa County violated the Americans with Disabilities Act, 42 U.S.C. § 12132 and the Rehabilitation Act, 29 U.S.C. § 794 and 794a when they arrested and falsely imprisoned Plaintiff for his disability and failed to accommodate it.   Defendants Maricopa County and Sheriff Paul Penzone violated the Fourth Amendment when they unreasonably held Plaintiff for days after he should have been released. The City of Phoenix Defendants committed the state law civil torts of false arrest and

assault and battery. Maricopa County and Sheriff Paul Penzone committed the state law civil tort of negligence when they held Plaintiff for longer than legal authority.

## PARTIES, JURISDICTION AND VENUE

2. At all times relevant hereto to this action, Plaintiff, Aaron Jackson, was a single man living in Chandler, Arizona. Aaron Jackson suffers from schizophrenia, a serious psychiatric disorder. His condition is chronic/permanent, and it limits, among other things his ability to communicate and interact with other persons and his ability to be attentive. Mr. Jackson's disability was known by members of the City of Phoenix Police Department "COPPD" and Maricopa County and Sheriff Paul Penzone because Mr. Jackson was adjudicated Severely Mentally Ill "SMI" in records that are accessible to these Defendants. Additionally, Mr. Jackson informed the Officer Defendants and employees and agents of Maricopa County and Sheriff Paul Penzone of his disability. Mr. Jackson fulfilled the prerequisite of serving the Defendants with a Notice of Claim prior to filing this lawsuit.

3. Upon information and belief, always relevant hereto this action, Defendant, Officer John Doe 1 (hereinafter "John Doe 1"), was a resident of Phoenix, Arizona and engaged in a policy of unlawful arrest without probable cause. Mr. Jackson served John Doe 1 with notice of his state law claims and

alleged that the City of Phoenix refused to release the police report so that Plaintiff could learn his true identity. Plaintiff's Mother Tracey Hardy repeatedly requested the police reports, but the City of Phoenix refused to produce them to her. Therefore, the legal theory of equitable estoppel prevents John Doe 1 from asserting a statute of limitations defense against Plaintiff's state law claims against him.

4.   Upon information and belief, always relevant hereto this action, Defendant, Officer John Doe 2 (hereinafter "John Doe 2"), was a resident of Phoenix, Arizona and engaged in a policy of unlawful arrest without probable cause. Mr. Jackson served John Doe 2 with notice of his state law claims and alleged that the City of Phoenix refused to release the police report so that Plaintiff could learn his true identity.  Plaintiff's Mother Tracey Hardy repeatedly requested the police reports, but the City of Phoenix refused to produce them to her. Therefore, the legal theory of equitable estoppel prevents John Doe 2 from asserting a statute of limitations defense against Plaintiff's state law claims against him.

5.   Upon information and belief, always relevant hereto this action, Defendant, Officer John Doe 3 (hereinafter "John Doe 3"), was a resident of Phoenix, Arizona and engaged in a policy of unlawful arrest without probable cause. Mr. Jackson served John Doe 3 with notice of his state law claims and

alleged that the City of Phoenix refused to release the police report so that Plaintiff could learn his true identity. Plaintiff's Mother Tracey Hardy repeatedly requested the police reports, but the City of Phoenix refused to produce them to her. Therefore, the legal theory of equitable estoppel prevents John Doe 3 from asserting a statute of limitations defense against Plaintiff's state law claims against him.

6. Upon information and belief, always relevant hereto this action, the Defendant, City of Phoenix, is a municipal corporation that has a Police Department established for serving and protecting residents of Phoenix. City of Phoenix is liable for the actions of its police officers, John Doe 1, John Doe 2, and John Doe 3, who violated Plaintiff's Fourth and Fourteenth Amendment rights and committed state law torts against Plaintiff.  The Defendant Officers were inadequately trained in affording citizens with disabilities their rights and effectuating proper arrests. Policymakers at the City of Phoenix reviewed the actions of the John Does Defendants and ratified their actions as proper policing procedures thereby making the officers' actions official policy.  City of Phoenix has a wide policy of failing to train its officers in these areas, including a failure to train the named officer Defendants. City of Phoenix also has a duty under the Americans with Disabilities Act and Rehabilitation Act as a public establishment to make its services available to people with disabilities and to make reasonable

accommodations for such persons. City of Phoenix receives financial assistance or funding from federal government programs. City of Phoenix failed in its duties under the ADA and RA and denied Plaintiff his requested accommodation to be released because he had committed no wrongdoing.

7.  Upon information and belief, Sheriff Paul Penzone is a law enforcement officer elected by the citizens of Maricopa County in 2016.  Penzone is a former sergeant in the Phoenix Police Department. Mr. Penzone and is sued in his official and individual capacities.  Sheriff Penzone is responsible for the Maricopa County's jail policy to deny mentally ill citizens their rights under the Rehabilitation Act and ADA and to hold them in jail in excess of legally imposed time-limits. Sheriff Penzone had a duty to refrain from holding Plaintiff after he should have been released.

8.  Upon information and belief, always relevant hereto this action, the Defendant, Maricopa County and Defendant Penzone operated the Maricopa County Jail.  The Defendants' employees were inadequately trained in affording citizens with disabilities their rights.  Maricopa County and Sheriff Penzone have a wide policy of failing to train its officers in these areas. The Defendants   also had the duty under the Americans with Disabilities Act, Rehabilitation Act as a public establishment to make its services available to people with disabilities and to make reasonable accommodations for such persons.  Maricopa County had a duty to

ensure that each detainee in its custody was not held longer than legal authority. Maricopa County failed in this duty to Plaintiff. Defendants receive financial assistance or funding from federal government programs.

9. John and Jane Does 1 to 20 are employees and agents of Maricopa County and Sheriff Paul Penzone that are responsible for intake and release of Plaintiff that violated Plaintiff's constitutional rights of due process without a conviction and whose superiors ratified their actions. The Complaint will be amended to name the true identities of John and Jane Does 4 to 20.

## FACTUAL ALLEGATIONS

10. On the evening of June 2, 2021, Mr. Jackson went to the Circle K gas station at 3140 E. Broadway Road, Phoenix, Arizona 85040. As Mr. Jackson left the store, the John Doe Officers approached Mr. Jackson to begin to hassle him. The three John Doe Officers asked Mr. Jackson his name and asked for his identification. Mr. Jackson said to the officers, "I haven't done anything wrong. I do not have to give you my identification" and tried to leave. The three John Doe Officers then violently and aggressively tackled and tasered Mr. Jackson causing him physical injuries including bruising and permanent scarring to his right arm.

11. The John Doe Officers then arrested Mr. Jackson for his disability and took him to the Maricopa County Jail. There at the jail, Mr. Jackson informed the Defendants that he was "SMI" severely mentally ill and asked to be released.

Defendant Maricopa County's agents then administered medical treatment to Mr. Jackson but upon information and belief did not treat his mental illness and did not release Mr. Jackson.

12. The John Doe Defendants caused Defendants Maricopa County and Sheriff Penzone to detain Mr. Jackson for about 16 days, longer than legal authority. This practice has caused multiple lawsuits against Defendants. *See Jackson v. City of Phoenix, et. al. 2:21cv0221, Brown v. City of Phoenix, et. al. 2:20cv02087, Garcia-Goff v. City of Phoenix, et. al. 2:19cv03562.*

13. Mr. Jackson informed the Officers that he had schizophrenia, a disability, but the Officers disregarded this information. The ADA requires that police department not arrest individuals, such as Mr. Jackson because of a disability and to afford them reasonable accommodations.

14. This violent incident involving Mr. Jackson, a vulnerable and disabled person, caused him to be incarcerated for sixteen days, to suffer physical injury from the assaults and tasering by COPPD, extreme emotional distress, caused fear of law enforcement officers and most significantly it has caused him to suffer an aggravation of his schizophrenia disorder. He has also suffered embarrassment, humiliation, and harm to his reputation.

### COUNT ONE

**(42. U.S.C. § 1983 - Unlawful Arrest, Excessive Force in violation of the Fourth and Fourteenth Amendments) As to City of Phoenix, John Doe Defendants, Maricopa County and Sheriff Paul Penzone**

15. Plaintiff incorporates by this reference each allegation previously made in this Complaint, as if fully set forth herein.

16. The individual police officer Defendants and John and Jane Doe 4 to 20, employees and agent of Maricopa County and Sheriff Penzone, to this claim, always relevant hereto, were acting under the color of state law in their capacities as City of Phoenix police officers and employees of Maricopa County and Sheriff Paul Penzone, their acts and omissions were conducted within the scope of their official duties or employment. At the time of the complained of events, Plaintiff had a clear constitutional right under the Fourth Amendment to be secure in his person without unreasonable interference by the Defendants and to be free from incarceration absent a criminal conviction.

17. Plaintiff also had a clear constitutional right under the Fourteenth Amendment to be free from unlawful arrest and the use of excessive force and be afforded due process.

18. The Defendants knew or should have known these rights at the time of the complained of conduct as they were clearly established at the time.

19. The Defendant police officers' arrest of Mr. Jackson without probable cause, as described herein, was objectively unreasonable considering the facts and circumstances confronting them and violated the Fourth Amendment rights of Plaintiff.

20. The Defendants' actions to arrest Plaintiff and detain him in jail, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

21. The Defendant Police Officers escalated the situation by grabbing Plaintiff without reason and tasering him. The Defendant Police Officers, knowing no they had no right to ask Plaintiff his name and to arrest Plaintiff violated Plaintiff's constitutional rights in detaining and arresting Plaintiff without probable cause.

22. The Defendant Police Officers failed to take reasonable steps to protect Plaintiff from unlawful arrest and the use of excessive force despite being able to do so and therefore each are liable for the injuries and damages resulting from the unreasonable and conscience shocking arrest by each Defendant.

23. City of Phoenix is liable for the actions of its police officers' violation of Jackson's Fourth and Fourteenth Amendment rights for excessive force employed

against Jackson. The Defendant John Doe Officers acted pursuant to a policy of failure to discipline officers who employ excessive force thereby emboldening the officers and other officers like them to commit constitutional violations. Further, the Officers' supervisors with final policymaking authority reviewed the Officers' acts and ratified them as being acceptable policing thereby creating a policy of excessive force for the City of Phoenix.

24. Maricopa County is liable for the actions of its agents and employees for violation of Jackson's Fourth Amendment rights for false imprisonment because its agents and employees acted pursuant to a policy and pattern of holding persons longer than legal authority and failure to release detainees promptly after it was determined that they would not be charged.

25. Sheriff Paul Penzone is liable for the actions of his agents and employees for violation of Jackson's Fourth Amendment rights for false imprisonment because his agents and employees acted pursuant to a policy and pattern of holding persons longer than legal authority and failure to release detainees promptly after it was determined that they would not be charged.

26. The acts and/or omissions of the Defendants were the moving forces behind Plaintiff's injuries.

27. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered emotional injuries, and other damages and losses as described

herein entitling him to compensatory and special damages in amounts to be determined at trial. As further result of the Defendants' unlawful conduct, Plaintiff is entitled to general damages in amounts to be established at trial.

28. In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against the Defendant John Doe Officers and Defendant John and Jane Does 4-20, under 42. U.S.C. § 1983, in that the John Doe Officer Defendants and John and Jane Does 4-20, acted maliciously, willfully or with reckless or wanton disregard of the constitutional rights of Plaintiff.

**COUNT TWO**

**(Violation of 42 U.S.C.S. § 12132, the Rehabilitation Act, Arizona Civil Right Act and Failure to Train) as to City of Phoenix and Maricopa County**

29. Plaintiff incorporates by this reference each allegation previously made in this Complaint, as if fully set forth herein.

30. Plaintiff was a qualified individual with a disability to wit: schizophrenia who was subjected to disability discrimination by City of Phoenix police officers who unlawfully interrogated, detain, falsely arrested and assault and battery Plaintiff because of his disability. Employees and agents of Maricopa County were advised by Mr. Jackson of his SMI status and asked to be released. City of Phoenix officers and Maricopa County employees could have made the

reasonable accommodations of permitting Plaintiff to go about his business as he was abiding the law. Rather than permitting Plaintiff to go about his business, the Defendant City of Phoenix officers completely lost their composure to tackle, tase and arrest Plaintiff without probable cause. This resulted in Plaintiff being transported to the Maricopa County Jail for about sixteen days without the support of his family. The Defendant City of Phoenix officers' actions were malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

    31.    Jackson was a resident of Phoenix with a disability that was qualified, to receive the City of Phoenix police services (to protect) and Maricopa County's services to lawfully detain and was denied these services (to protect) and (to lawfully detain) by reason of his disability. The Defendant police officers arrested Jackson because of his disability. Defendant Maricopa County employees denied Mr. Jackson treatment for his SMI condition and unlawfully detained him after Jackson had requested the reasonable accommodation of release. Jackson displayed evidence of his disability by not being able to respond to the officers' questions and arrested him for doing so because of his disability. Maricopa County employees detained Mr. Jackson without regard for his disability.

    32.    Defendant City of Phoenix officers wrongfully arrested Plaintiff because of his disability not because he had committed any crimes. Prior to the

arrest, Defendant City of Phoenix officers failed to accommodate Plaintiff's disability, in that the officers had both the time and opportunity to evaluate the situation and apply the accommodations and de-escalating matters rather than enflaming them, communicating reasonably with Mr. Jackson.  Once arrested, Defendant City of Phoenix officers failed to accommodate Plaintiff's disability by refusing to release him and holding him in jail for days.

33.	Defendant Maricopa County employees unlawfully held Mr. Jackson in jail because of his disability. Maricopa County employees could have required that the Maricopa County Prosecutor give them a legitimate basis for imprisoning Mr. Jackson.  Instead, Maricopa County falsely imprisoned Mr. Jackson for sixteen days because of Mr. Jackson's disability.

34.	Because the Defendant Officers and Maricopa County knew or should have known of Plaintiff's disability and did not reasonably accommodate him, the City of Phoenix and Maricopa County are liable.

35.	Defendant City of Phoenix failed to professionally train their police officers for peaceful encounters with disabled persons, and such failure resulted in discrimination against Plaintiff.  Defendant City of Phoenix failed to properly, train its police officers to recognize symptoms of disabilities, and failed to modify its police policies, practices, and procedures to prevent discriminatory treatment of the disabled.

36. Defendants Maricopa County and Sheriff Penzone failed to professionally train their employees to recognize when persons with disabilities that cannot advocate for themselves to get proper treatment and release when entitled to release, such as Mr. Jackson, to prevent the discriminatory treatment of the disabled.

37. The City of Phoenix and Maricopa County are public entities charged with the responsibility under Title II of the Americans with Disabilities Act and Rehabilitation Act to comply with public anti-discrimination laws, and to professionally train the Defendant police officers and employees to reasonably accommodate the Plaintiff's disability.

## COUNT THREE
### (False Arrest) as to the City of Phoenix Defendants

38. Plaintiff incorporates by this reference each allegation previously made in this Complaint, as if fully set forth herein.

39. Defendants arrested Mr. Jackson without probable cause because Mr. Jackson was minding his own business at the Circle K.

40. Defendant City of Phoenix is the employer of the John Doe Officers and is responsible for the defendant officers' actions under the legal theory of respondeat superior.

41. As a direct and proximate result of Defendants' unlawful conduct,

Plaintiff suffered actual physical and emotional injures and other damages and losses as described herein entitling him to compensatory and general damages in amounts to be established at trial.

## COUNT FOUR
### (False Imprisonment) as to all Defendants

42. Plaintiff incorporates by reference each allegation previously made in this Complaint, as if fully set forth herein.

43. Defendants took Mr. Jackson to jail to falsely imprison Mr. Jackson without Jackson's consent and without lawful authority.

44. Once at the jail, Defendants falsely imprisoned Mr. Jackson for sixteens days until they decided to release him to the custody of his mother.

45. Defendant City of Phoenix, Defendant Maricopa County and Paul Penzone and are responsible for their agents' and employees' actions under the legal theory of respondeat superior.

46. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered actual physical and emotional injures and other damages and losses as described herein entitling him to compensatory and general damages in amounts to be established at trial.

## COUNT FIVE
### (Assault and Battery) as to City of Phoenix Defendants

47.     Plaintiff incorporates by this reference each allegation previously, made in this Complaint, as if fully set forth herein.

48.     The Defendant John Doe Officers tackled Mr. Jackson placing Jackson in apprehension of physical harm.

49.     The Defendant John Doe Officers tased Mr. Jackson inflicting pain and injury to Mr. Jackson's body.

50.     Defendant City of Phoenix is the employer of the John Doe Officers and is responsible for the defendant officers' actions under the legal theory of respondeat superior.

51.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered actual physical and emotional injures and other damages and losses as described herein entitling him to compensatory and general damages in amounts to be established at trial.

## COUNT SIX
### (Negligence) as to Maricopa County and Sheriff Paul Penzone

52.     Plaintiff incorporates by this reference each allegation previously, made in this Complaint, as if fully set forth herein.

53.     Defendants Maricopa County and Sheriff Penzone as operators of the Maricopa County Jail had duties to ensure that each person, they detained was lawfully detained.

54. Defendants Maricopa County and Sheriff Penzone breached this duty to Plaintiff by not checking records to ensure that charges had been filed or complying with orders to promptly release Mr. Jackson.

55. This breach by Defendants Maricopa County and Sheriff Penzone injured Mr. Jackson causing him to be detained for sixteen days.

56. Mr. Jackson was damaged in his emotional state and suffered an aggravation of his disability.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all his claims, pursuant to the U.S. Constitution's Seventh Amendment and the Federal Rules of Civil Procedure Rule 38 (a,b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff reserves the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, prays judgment against the Defendants, and each of them, as follows:

1. An order awarding Plaintiff actual and compensatory damages for violations of civil rights, disability discrimination, negligence and restitution in an amount according to proof at time of trial;

2. An order awarding Plaintiff actual, punitive, and compensatory damages in compensation for unlawful arrest and search and seizure, excessive force, failure to intervene, conspiracy, disability discrimination and failure to train. Plaintiff does not seek punitive damages against Defendants City of Phoenix and Maricopa County as they are governmental entities.

3. An order awarding Plaintiff's reasonable attorney's fees and costs;

4. An order awarding Plaintiff prejudgment interest according to proof; and

5. For such other and further relief as the Court deems just and proper.

DATED this June 2, 2022

By: /s/ Elizabeth D. Tate

_____
*Attorney for Plaintiff*